1 | Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
2 | 38 Miller Avenue, #263
Mill Valley, CA 94941
3 | 415-325-5900
blgibbs@wefightpiracy.com
4
*Attorney for Plaintiff*
5

~~E-filing~~

*FILED*

*AUG 23 2012*

*RICHARD W. WIEKING*
*CLERK, U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF CALIFORNIA*

6

IN THE UNITED STATES DISTRICT COURT FOR THE

7

NORTHERN DISTRICT OF CALIFORNIA

8

9

10 | INGENUITY13 LLC,

11 |         Plaintiff,
        v.

No.

**CV 12 4445**
Judge:

12 | JOHN DOE

**COMPLAINT**

13 |         Defendant.

**DEMAND FOR JURY TRIAL**

*NC*

14

15

16      Plaintiff Ingenuity13 LLC ("Plaintiff"), through its undersigned counsel, hereby files this

17   Complaint requesting damages and injunctive relief, and alleges as follows:

18                               **NATURE OF THE CASE**

19      1.    Plaintiff files this action for copyright infringement under the United States Copyright

20   Act and related contributory infringement and negligence claims under the common law to combat

21   the willful and intentional infringement of its creative works. Unidentified Defendant John Doe

22   ("Defendant"), whose name Plaintiff expects to ascertain during discovery, knowingly and illegally

23   reproduced and distributed Plaintiff's copyrighted Video by acting in concert with others via the

24   BitTorrent file sharing protocol and, upon information and belief, continues to do the same. In using

25   BitTorrent, Defendant's infringement actions furthered the efforts of numerous others in infringing on

26

27   Plaintiff's copyrighted works. The result: exponential viral infringment. Plaintiff seeks a permanent

28

1  injunction, statutory or actual damages, award of costs and attorney's fees, and other relief to curb
2  this behavior.

## THE PARTIES

4    2.    Plaintiff Ingenuity13 LLC is a limited liability company organized and existing under
the laws of the Federation of Saint Kitts and Nevis. Plaintiff is a holder of rights to various
copyrighted works, and is the exclusive holder of the relevant rights with respect to the copyrighted
creative work at issue in this Complaint.

9    3.    The copyrighted work at issue in this complaint is one of Plaintiff's adult
10 entertainment videos, "Five Fan Favorites" (the "Video").

11   4.    Defendant's actual name is unknown to Plaintiff. Instead, Defendant is known to
12 Plaintiff only by an Internet Protocol address ("IP address"), which is a number assigned to devices,
13
   such as computers, that are connected to the Internet. In the course of monitoring Internet-based
14
   infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and
15
16 distribution occurring over IP address 71.135.105.95 via the BitTorrent file transfer protocol.
17 Plaintiff cannot ascertain Defendant's actual identity without limited expedited discovery.

## JURISDICTION AND VENUE

19   5.    This Court has subject matter jurisdiction over Plaintiff's copyright infringement
20 claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under
21
   the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress
22
23 relating to copyrights). This Court has supplemental jurisdiction over Plaintiff's contributory
24 infringement and negligence claims under 28 U.S.C. § 1367(a) because they are so related to
25 Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, that the
26 claims form part of the same case and controversy under Article III of the United States
27 Constitution.

28

6. This Court has personal jurisdiction because, upon information and belief, Defendant either resides in or committed copyright infringement in the State of California. Plaintiff used geolocation technology to trace the IP address of the Defendant to a point of origin within the State of California. Geolocation is a method for ascertaining the likely geographic region associated with a given IP address at a given date and time. Although not a litmus test for personal jurisdiction, the use of geolocation gives Plaintiff good cause for asserting that personal jurisdiction is proper over the Defendant.

7. Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant resides in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

## BACKGROUND

8. BitTorrent is a modern file sharing method ("protocol") used for distributing data via the Internet.

9. Traditional file transfer protocols involve a central server, which distributes data directly to individual users. This method is prone to collapse when large numbers of users request data from the central server, in which case the server can become overburdened and the rate of data transmission can slow considerably or cease altogether. In addition, the reliability of access to the data stored on a server is largely dependent on the server's ability to continue functioning for prolonged periods of time under high resource demands.

10. Standard P2P protocols involve a one-to-one transfer of whole files between a single uploader and single downloader. Although standard P2P protocols solve some of the issues associated with traditional file transfer protocols, these protocols still suffer from such issues as scalability. For example, when a popular file is released (e.g. an illegal copy of the latest blockbuster movie) the initial source of the file performs a one-to-one whole file transfer to a third party, who

then performs similar transfers. The one-to-one whole file transfer method can significantly delay the spread of a file across the world because the initial spread is so limited.

11. In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves. Further, the BitTorrent protocol involves breaking a single large file into many small pieces, which can be transferred much more quickly than a single large file and, in turn, redistributed much more quickly than a single large file. Moreover, each peer can download missing pieces of the file from multiple sources—often simultaneously—which causes transfers to be fast and reliable. After downloading a piece, a peer automatically becomes a source for the piece. This distribution method contrasts sharply with a one-to-one whole file transfer method.

12. In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

13. The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

14. The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses.

15. The BitTorrent protocol is an extremely popular method for transferring data. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world. And every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands of other peers.

16. The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing, and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

17. Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy measures. This lawsuit is Plaintiff's only practical means of combating BitTorrent-based infringement of the Video.

## ALLEGATIONS COMMON TO ALL COUNTS

18. Plaintiff is the exclusive rights holder with respect to BitTorrent-based reproduction and distribution of the Video.

19.    The Video is currently registered in the United States Copyright Office (Copyright No. PA0001791654). (*See* Exhibit A to Complaint.)

20.    The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws of the United States.

21.    Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of the BitTorrent-based swarm involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

22.    Defendant, using IP address 71.135.105.95, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into his BitTorrent client, entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

23.    Plaintiff's investigators detected Defendant's illegal download on 2012-07-16 at 14:29:06 (UTC). However, this is a simply a snapshot observation of when the IP address was *observed* in the BitTorrent swarm; the conduct took itself place before and after this date and time.

24.    Defendant was part of a group of BitTorrent users or peers in a single swarm—a process generally described above—whose computers were collectively interconnected for the sharing of a particular unique file. The particular file a BitTorrent swarm is associated with has a unique file "hash"—i.e. a unique file identifier generated by an algorithm. The unique hash value in this case is identified as B26FE72D445D2071C2296B4C703DCD8C4B20EFAA (hereinafter "Hash Tag."), and common to all of the participants in the swarm.

## COUNT I – COPYRIGHT INFRINGEMENT

25.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

26.     Defendant's conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

27.     Defendant knew or had constructive knowledge that his acts constituted copyright infringement of Plaintiff's Video.

28.     Defendant's conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

29.     Plaintiff has been damaged by Defendant's conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendant's conduct.

30.     Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

31.     As Defendant's infringement was intentional and willful, Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

## COUNT II – CONTRIBUTORY INFRINGEMENT

32.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

33.     When users in this unique swarm all possess the same infringing work with the same exact hash value, it is because each infringer possesses an exact digital copy, containing the exact bits and pieces unique to that specific file of Plaintiff's original copyrighted work. They only way this happens in a BitTorrent swarm is through the sharing of these bits and pieces of each same

7

1  unique file, with the same unique hash value, between the users in the swarm. In essence, although

2  hundreds of users may be uploading the copyrighted work, a single user will receive only the exact

3  parts of a singular upload through that exact swarm, not a compilation of available pieces from

4  various uploads.

5

6      34.    Defendant published the Hash Tag to the BitTorrent network.

7      35.    Defendant downloaded, uploaded and distributed the Video to other BitTorrent users

8  through use of the hash-specified protocol in the unique swarm.

9      36.    As each of the thousands of people who illegally downloaded the movie accessed this

10  illegal publication, they derived portions of their illegal replication of the file from multiple persons,

11  including, but not limited to, Defendant.

12     37.    Defendant knew of the infringement, was conscious of his own infringement, and

13  Defendant was fully concsious that his actions resulted in multiple other persons derivatively

14

15  downloaded the file containing Plaintiff's Video.

16     38.    The infringement by the other BitTorrent users could not have occurred without

17  Defendant's participation in uploading Plaintiff's copyrighted works.  As such, Defendant's

18  participation in the infringing activities of others is substantial and contributed, for profit, to the

19  infringing activity of thousands of other peers over the Internet across the world.

20     39.    Defendant profited from this contributory infringement by way of being granted

21  access to a greater library of other infringing works, some of which belonged to Plaintiff and some

22

23  of which belonged to other copyright owners.

24                          **COUNT III – NEGLIGENCE**

25     40.    Plaintiff hereby incorporates by reference each and every allegation contained in the

26  preceding paragraphs as if fully set forth fully herein.

27

28
                                      8

41.     Defendant accessed, or controlled access to, the Internet connection used in performing the unauthorized copying and sharing of Plaintiff's Video, proximately causing financial harm to Plaintiff.

42.     Defendant had a duty to secure his Internet connection. Defendant breached that duty by failing to secure his Internet connection.

43.     Reasonable Internet users take steps to secure their Internet access accounts preventing the use of such accounts for an illegal purpose. Defendant's failure to secure his Internet access account, thereby allowing for its illegal use, constitutes a breach of the ordinary care that a reasonable Internet account holder would do under like circumstances.

44.     In the alternative, Defendant secured his connection, but permitted an unknown third party to use his Internet connection to infringe on Plaintiff's Video. Defendant knew, or should have known, that this unidentified individual used Defendant's Internet connection for the aformentioned illegal activities. Defendant declined to monitor the unidentified third-party infringer's use of his computer Internet connection, demonstrating further negligence.

45.     In the alternative, Defendant knew of, and allowed for, the unidentified third party infringer's use of his Internet connection for illegal purposes and thus was complicit in the unidentified third party's actions.

46.     Upon information and belief, Defendant's failure to secure his Internet access account directly allowed for the copying and sharing of Plaintiff's Video over the BitTorrent protocol through Defendant's Internet connection, and interfered with Plaintiff's exclusive rights in the copyrighted work.

47.     Upon information and belief, Defendant knew, or should have known of, the unidentified third party's infringing actions, and, despite this, Defendant directly, or indirectly, allowed for the copying and sharing of Plaintiff's Video over the BitTorrent protocol through

9

1 | Defendant's Internet connection, and interfered with Plaintiff's exclusive rights in the copyrighted
2 | Video.

3 | 48. By virtue of his unsecured access, Defendant negligently allowed the use of his
4 | Internet access account to perform the above-described copying and sharing of Plaintiff's
5 |
6 | copyrighted Video.

7 | 49. Had Defendant taken reasonable care in securing access to this Internet connection, or
8 | monitoring the unidentified third-party individual's use of his Internet connection, such
9 | infringements as those described above would not have occurred by the use of Defendant's Internet
10 | access account.

11 | 50. Defendant's negligent actions allow others to unlawfully copy and share Plaintiff's
12 |
13 | copyrighted Video, proximately causing financial harm to Plaintiff and unlawfully interfering with
14 | Plaintiff's exclusive rights in the Video.

15 | **JURY DEMAND**

16 | 51. Plaintiff hereby demands a jury trial in this case.

17 | **PRAYER FOR RELIEF**

18 | **WHEREFORE**, Plaintiff respectfully requests Judgment and relief as follows:

19 | 1) Judgment against Defendant that he has: a) willfully infringed Plaintiff's rights in
20 | federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the business
21 | reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;
22 |
23 | 2) Judgment in favor of the Plaintiff against Defendant for actual damages or statutory
24 | damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at
25 | trial;
26 |
27 |
28 |

3)      Order of impoundment under 17 U.S.C. §§ 503 & 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendant's possession or under his control;

4)      On Count II, an order that Defendant is jointly and severally liable to the Plaintiff in the full amount of Judgment on the basis of a common law claim for contributory infringement of copyright; for an award of compensatory damages in favor of the Plaintiff and against Defendant, jointly and severally, in an amount to be determined at trial;

5)      On Count III, an order that Defendant is jointly and severally liable to the Plaintiff in the full amount of Judgment on the basis of Defendant's negligence in allowing an unidentified third party access his Internet account and, through it, violate Plaintiff's copyrighted works; for an award of compensatory damages in favor of the Plaintiff and against Defendant, jointly and severally, in an amount to be determined at trial;

6)      Judgment in favor of Plaintiff against the Defendant awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

7)      Judgment in favor of the Plaintiff against Defendant, awarding Plaintiff declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.

///

///

///

///

11
COMPLAINT      CASE NO.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

PRENDA LAW INC.

**DATED: August 22, 2012**

By:        /s/ Brett L. Gibbs

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

12

COMPLAINT

CASE NO.

1

### DEMAND FOR A JURY TRIAL

2

Plaintiff hereby demands a jury trial as provided by FRCP 38(a).

3

4

By: _____/s/ Brett L. Gibbs_____

5

Brett L. Gibbs, Esq. (SBN 251000)

6

*Attorney for Plaintiff*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13
COMPLAINT                                              CASE NO.

# EXHIBIT A

WebVoyage Record View 1                                    http://cocatalog.loc.gov/cgi-bin/Pwebrecon.cgi?Search_Arg=Fi...



## Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Title = Five Fan Favorites
Search Results: Displaying 1 of 1 entries



Labeled View

*Five Fan Favorites.*

|  |  |
|---|---|
| **Type of Work:** | Motion Picture |
| **Registration Number / Date:** | PA0001791654 / 2012-05-29 |
| **Application Title:** | Five Fan Favorites. |
| **Title:** | Five Fan Favorites. |
| **Description:** | 7 electronic files (eService) |
| **Copyright Claimant:** | Ingenuity13 LLC. Address: Springates East, Government Road, Charlestown, Saint Kitts-Nevis. |
| **Date of Creation:** | 2012 |
| **Date of Publication:** | 2012-05-24 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Ingenuity13 LLC, employer for hire; Domicile: United States; Citizenship: United States. Authorship: entire motion picture, production/producer, direction/director, script/screenplay, cinematography/cinematographer, editing/editor. |
| **Copyright Note:** | C.O. correspondence. |
| **Names:** | Ingenuity13 LLC |



| Save, Print and Email (Help Page) |
|---|
| Select Download Format  Full Record ⬍  ( Format for Print/Save ) |
| Enter your email address:                                    ( Email ) |

Help  Search  History  Titles  Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |