UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INGENUITY 13 LLC,<br><br>                Plaintiff,<br>     v.<br><br>JEREMY PALGON,<br><br>                Defendant. | Case No.: 12-CV-04445-LHK<br><br>ORDER RE: ORDER TO SHOW CAUSE; ORDER SETTING CASE MANAGEMENT CONFERENCE |

       The Complaint in this case was filed almost 5 months ago on August 23, 2012. Plaintiff identified the Defendant as John Doe.

       On September 19, 2012, Plaintiff filed a Motion for Leave to Take Limited Discovery Prior to Rule 26(f) Conference in order to discover the name of the John Doe Defendant. ECF No. 8. Magistrate Judge Grewal granted Plaintiff's motion on October 2, 2012. ECF No. 10. Judge Grewal's order allowed Plaintiff to immediately serve a subpoena on Doe's ISP to obtain information sufficient to identify Doe, including name, address, telephone number, and email address. *Id.* at 2. The order gave the ISP 30 days to serve Doe and gave both the ISP and Doe 30 days from the date of service in which to object to the subpoena. *Id.* at 2-3. If both Doe and the ISP failed to object, the ISP was required to produce, within 10 days, the information responsive to the subpoena to Plaintiff. *Id.* Thus, under Judge Grewal's order, Plaintiff should have received the

information sought by the subpoena within 70 days of October 2, 2012.  70 days from October 2, 2012 is December 11, 2012.

Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve a defendant within 120 day after it files the complaint.  A court must dismiss a case without prejudice if a plaintiff has not complied with Rule 4(m), unless the plaintiff shows good cause for its failure to serve defendant.  Fed. R. Civ. P. 4(m).  As of January 11, 2013, 141 days had passed since the filing of the original complaint but Plaintiff, despite purporting to have received information in response to the subpoena (*see* ECF No. 12 at 2), had neither amended the pleadings to identify the Doe Defendant nor served the Defendant.  ECF No. 12 at 2.  Accordingly, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to serve the Doe Defendant as required by Rule 4(m) by January 18, 2013.  ECF No. 14 ("OSC").

On January 14, 2013, Plaintiff filed an Amended Complaint naming Jeremy Palgon as the Defendant.  ECF No. 15.  Plaintiff also filed a response to the OSC in which Plaintiff stated that, while Plaintiff had received the AT&T account holder's information, Plaintiff had reason to believe that the account holder was not responsible for the alleged illegal download of Plaintiff's property.  ECF No. 16.  Plaintiff states that, due to issues contacting the account holder, Plaintiff was required to conduct its own investigation to discover who in the account holder's household was the infringing member.  *Id.*  Plaintiff states that Plaintiff did not discover that Mr. Palgon was the likely infringer until January 14, 2013 (which the Court notes was exactly three days after the Court threatened to dismiss this case).  *Id.*  Plaintiff thereafter filed the Amended Complaint.  However, Plaintiff has not filed a proof of service for Mr. Palgon.  Plaintiff states that Plaintiff is waiting for the Court's clerk to issue a summons for Mr. Palgon.

In light of the aforementioned facts, the Court withdraws the OSC and vacates the OSC hearing set for January 23, 2013.  The Court ORDERS that Plaintiff file a proof of service as to Mr. Palgon by February 6, 2013.  When Plaintiff serves Mr. Palgon, Plaintiff shall also provide Mr. Palgon with a copy of this Order.  Furthermore, Plaintiff shall, by January 23, 2013, provide the Court with contact information for Mr. Palgon.

The Court also ORDERS that the parties attend a case management conference on March 6, 2013. The parties shall file a joint case management statement by February 27, 2013.

**IT IS SO ORDERED.**

Dated: January 18, 2013

_____
LUCY H. KOH
United States District Judge